## NICHOLAS v. TEXAS CO.

### No. 6034.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

J. B. Crow, of Shreveport, for appellant.

Browne & Browne, of Shreveport, for appellee.

DREW, Judge.

This is a compensation suit. Plaintiff alleged that he was employed by defendant as helper at the camp. That during the course of his employment he assisted in unloading supply boats, lifting heavy objects, pushing large blocks of ice up a long gangway, and performing various other labors which constituted his employment as hazardous.

He alleged that on September 9th, at about 3 o'clock P. M., while lifting a large drum which contained milk, he felt a severe pain in the lower left region of his stomach. That he immediately informed his immediate superior of the injury. That he has suffered excruciating pain in that region ever since and is now suffering from an incomplete hernia.

Defendant denies that plaintiff is suffering from a hernia or that he received any injury of any kind while in its employ. The lower court rejected plaintiff's demands and he is now prosecuting this appeal.

Plaintiff began work for defendant on August 29th, 1938. He was employed as a helper in the kitchen at the camp located near Houma, Louisiana. He continued to work until the afternoon of the 10th of September, 1938, at which time he was replaced by another man.

He testified that he was employed as a cook's helper and was required to help unload provisions brought to the camp by boat. That the provisions came in heavy packages or containers, such as 100 pounds of potatoes, 5 or 10 gallon milk cans, and large sacks of sugar and rice. That at about 2:30 or 3 o'clock in the afternoon of September 9th he was attempting to lift a heavy milk can full of milk, when he felt a sharp pain in his side near a scar caused from an operation for hernia, which he had a few months before. He claimed it caused nausea. He, however, continued his work, and worked the next day until quitting time. That when he told his superior of his injury immediately after it occurred he was laughed at. Plaintiff's testimony is entirely uncorroborated. His immediate superior denies that any complaint was ever made by plaintiff. Three other employees in the kitchen also testified that plaintiff made no complaint. All of the four testified that plaintiff was not allowed to do any lifting or heavy work, and that the hours which plaintiff worked did not cover 2:30 o'clock in the afternoon. That he was off from work from 1 o'clock until 5 o'clock each afternoon. The evidence is also conclusive that milk was not handled in the manner that plaintiff claims to have been handling the milk can when injured. When plaintiff came on the job he exposed the scar, caused by a former operation, and told his co-workers and superior that he could not do any heavy lifting, and he was not allowed to do any such work as unloading of boats or any other kind of lifting. His sole and only duties were to wash dishes.

The evidence is overwhelming that plaintiff did not have an accident and did not injure himself while in the employ of the defendant. Further corroboration of this fact is the overwhelming preponderance of the testimony that plaintiff is not suffering from a hernia, or a potential hernia, which he claims was caused by the alleged accident.

A lengthy review here of all the testimony, which establishes these facts, would be a useless waste of time and words, and could not be helpful to anyone.

We are convinced that the judgment of the lower court is correct, and it is affirmed with costs.